RALSTON BUSINESS MEN'S ASSOCIATION ET AL., APPELLEES, v. BENJAMIN F. BUSH, RECEIVER, APPELLANT.

FILED MAY 4, 1918.   No. 20040.

Carriers: EXPENDITURES: GOVERNMENT CONTROL. The federal government being in control of the railroads of the country as a war measure, state courts and administrative tribunals should consider the general welfare in adjusting between private suitors controversies involving the expenditure of railroad funds for the improvement of local transportation facilities.

APPEAL from the State Railway Commission. *Reversed.*

*J. A. C. Kennedy* and *Philip E. Horan,* for appellant.

*James H. Adams, contra.*

Rose, J.

The Nebraska State Railway Commission ordered defendant to provide at the village of Ralston a station and other shipping facilities near the intersection of Seventy-seventh street and the Missouri Pacific Railway track. The case is presented here upon an appeal by defendant.

Three-fourths of a mile from the industrial part of Ralston defendant has a building and a team track. The Chicago, Burlington & Quincy Railroad Company has a station at the village itself, where three employees are engaged in the railway service. The sufficiency of existing shipping facilities and the necessity for improvements were controverted issues.

On appeal the decision of the Nebraska State Railway Commission is challenged as unreasonable. The order was made before the United States engaged in the present war. As a military measure, the federal government is now controlling defendant's railway system. The enforcement of the order challenged on appeal will require labor, materials, and money. Owing to the exigencies of war, the government is making extraordinary demands for funds, men, materials, and railroad equipment. Defendant's lines of railroad transportation are connecting links between a granary of the nation and millions of men now engaged in the common defense. In this emergency the general walfare should be considered in adjusting between private suitors controversies involving expenditures for the improvement of local railroad facilities. When the order was made there was no occasion or opportunity to present or consider these features of the questions presented by the appeal. The new situation grew out of facts requiring the judicial notice of the appellate court. The Nebraska State Railway Commission should have an opportunity for further inquiry in view of changed con-

ditions. To that end, following *Marshall v. Bush, ante,*
p. 279, the order challenged by defendant is vacated
and the proceeding remanded to the Nebraska State
State Railway Commission for further consideration.

REVERSED.

LETTON, J., not sitting.